FILED

2018 Sep-17  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

COREY WILSON,                    )
                                 )
                    PLAINTIFF,   )
                                 )    CIVIL ACTION NO.:
                                 )
v.                                    2:18-cv-01511-SGC
                                 )    JURY DEMAND
FAB ARC; and                     )
MACLELLAN MAINTENANCE &          )
ENGINEERING,                     )
                                 )
                    DEFENDANTS.  )

## COMPLAINT

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981, as amended. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981, providing injunctive and other relief against retaliation in employment for asserting federally protected rights.

1

## II.  PARTIES

2.      Plaintiff, Corey Wilson ("Wilson" or "Plaintiff"), is citizen of the United States and a resident of Columbiana, Alabama.

3.      Defendant, FAB ARC is a Corporation doing business in the State of Alabama.  At all times relevant to this action, Defendant has maintained and operated a business in Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama.

4.      Defendant, MacLellan Maintenance & Engineering ("McLellan" is a Corporation doing business in the State of Alabama.  At all times relevant to this action, Defendant has maintained and operated a business in Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama.

## III.  ADMINISTRATIVE PROCEDURES

5.      Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) above as if fully set forth herein.

6.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and harassment that occurred at DeShazo, LLC.

7.      This action seeks to redress unlawful employment practices resulting

2

from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race discrimination and retaliating against Plaintiff and others similarly situated for engaging in federally protected activity.

8.    On April 28, 2017, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against FAB ARC (Attached hereto as Exhibit A).

9.    Plaintiff's Notice of Right to Sue FAB ARC was mailed by the EEOC to the Plaintiff on July 3, 2018, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue (Attached hereto as Exhibit B).

10.    On June 19, 2017, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against all Defendants, DeShazo, FAB ARC and MacLellan (Attached hereto as Exhibit C).

11.    Plaintiff's Notice of Right to Sue MacLellan was mailed by the EEOC

3

to the Plaintiff on June 20, 2018, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue (Attached hereto as Exhibit D).

12.    Plaintiff's Notice of Right to Sue FAB ARC regarding the second charge was mailed by the EEOC to the Plaintiff on July 3, 2018, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue (Attached hereto as Exhibit B).

13.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTS

14.    Plaintiff hereby adopts and realleges paragraphs one (1) through thirteen (13) herein above as if fully set forth herein.

15.    Plaintiff, Corey Wilson, is an African-American male.

16.    Plaintiff was previously employed with DeShazo, LLC ("DeShazo). While employed at DeShazo, Plaintiff filed a Charge of Discrimination against DeShazo and a subsequent lawsuit against DeShazo based on race and age discrimination he experienced while employed at DeShazo (Corey Wilson v DeShazo, LLC, 2:16-cv-00705-RDP, filed in the Northern District of Alabama).

17.    Plaintiff was subsequently employed by Defendant, FAB ARC, beginning March 15, 2017.  On April 27, 2017, Plaintiff spoke with Ms. Bonita

4

Ballew, the company secretary for FAB ARC. Present during his conversation with Ms. Ballew was Max Matther, Shop Supervisor for FAB ARC and the Human Resources Representative for FAB ARC. The Human Resources Representative told Plaintiff she had spoken with the Human Resources Representative from DeShazo and, based on the conversation with the Human Resources Representative from DeShazo, she did not think FAB ARC could continue to employ Plaintiff. Plaintiff was terminated from FAB ARC on April 27, 2017.

18.     After FAB ARC, Plaintiff was hired by Defendant MacLellan Maintenance & Engineering ("MacLellan") on May 5, 2017 through a temporary service, North American Onsite Temp. Plaintiff was hired by John McDowell, Caucasian. Plaintiff was supervised by Jason Gray, Caucasian. On the second or third day on the job, Plaintiff was in the office with McDowell and Gray. Gray asked Plaintiff if he knew "Miss Cindy" (Cindy Jones) who worked in the office at DeShazo. Gray told Plaintiff he had spoken with "Miss Cindy" and she had asked Gray how long Plaintiff had been working at MacLellan. Prior to his conversation with "Miss Cindy," Gray had no criticisms of Plaintiff's work. However, after that conversation, Gray was critical of Plaintiff's work.

19.     On June 2, 2017, McDowell called Plaintiff and told him to come to the shop. Plaintiff went to the shop and, after about an hour, McDowell called

5

Plaintiff into his office and told Plaintiff he needed his time and hour sheet. Plaintiff Completed the sheet and gave it to McDowell. McDowell told Plaintiff "I can't have you here" and terminated Plaintiff. Plaintiff repeatedly asked what he had done wrong. McDowell told Plaintiff "don't ask anymore." During this discussion, Gray walked by laughing.

20.    Plaintiff had a good faith basis on which to make internal complaints of race discrimination and a good faith basis on which to file his EEOC charge and lawsuit alleging, inter alia, race discrimination. While employed at DeShazo, Plaintiff used the men's restroom on the premises at DeShazo. The non-supervisory and non-management employees used one restroom while the supervisory and management employees used another restroom. The restroom used by Plaintiff and other non-supervisory and non-management employees was routinely covered with racist graffiti, including the word "**nigger**." Nothing was done to remove the racist graffiti and no investigation was done to determine who had posted the racist graffiti. No disciplinary action was taken regarding the racist graffiti.

21.    During the controversy in 2014 leading up to the removal of Confederate flags at state capitols and at courthouses, Plaintiff saw Confederate flags displayed in the parking lot at DeShazo and tags on vehicles that had Confederate flags on them. No action was taken to remove the flags or vehicle

6

tags and, to Plaintiff's knowledge, no action was taken against the person(s) who displayed the flags or vehicle tags.

22. At the time of Plaintiff's employment at DeShazo, DeShazo already had a history of race discrimination, racial harassment and a history of retaliating against employees who complain of discrimination and harassment. In 2001, Defendant and Chuck Tucker, personally, were sued by **Columbus Pruitt** and **Tony Rose**, African-Americans, (United States District Court for the Northern District of Alabama, Southern Division, CV-01-PWG-2649-S) for employment discrimination based on race, racial harassment and retaliation. Despite this lawsuit and settlement, DeShazo took no steps to correct or prevent further racial discrimination, racial harassment and retaliation.

23. During Plaintiff's employment with DeShazo, DeShazo was on notice of the racial discrimination at DeShazo. DeShazo was on notice of that the members of Caucasian management discriminated based on race the African-American employees and retaliated against the African-Americans for complaining of racial discrimination and racial harassment. Despite actual notice of racial discrimination, racial harassment and retaliation, DeShazo condoned and tolerated it. Despite having been previously sued for similar complaints by African-American employees going back to as early as 2001, DeShazo failed to take steps to prevent Caucasian

7

employees and Caucasian members of management from continuing to discriminate or harass African-American employees or to remedy the workplace from racial harassment, racial discrimination and retaliation.

24.    Since Plaintiff's employment ended at DeShazo, other individuals have also experienced racial discrimination, racial harassment or retaliation for objecting to racial discrimination or racial harassment while employed by DeShazo.  Those individuals include, but are not limited to, former DeShazo employees **Corey Wilson** (2016 lawsuit alleging racially hostile work environment and disparate pay based on raced; 2017 Charge of Discrimination with the EEOC alleging race discrimination and retaliation); **Michael Kennedy** (2016 lawsuit alleging racially hostile and retaliatory hostile working environment, disparate pay based on race, constructive discharge, outrageous conduct, negligent or wanton supervision, training and retaining employees); **Cornelius Harris** (2016 lawsuit alleging race discrimination); **Desi Fomby** (2016 – Two Charges of Discrimination with the EEOC alleging race discrimination and retaliation); **Keeland Turner** (2016 Charge of Discrimination with the EEOC alleging race discrimination and retaliation); **Kenyatta Brown** (2016 claim of racially hostile work environment and wrongful termination); **Jeff Stapleton** (2017 lawsuit alleging racially hostile and retaliatory hostile working environment, outrageous conduct, negligent or wanton supervision,

8

training and retaining employees, false imprisonment and assault); **Cory Seay** (2017 lawsuit, currently pending, - alleging racially hostile and retaliatory hostile working environment, disparate pay based on race, wrongful termination, outrageous conduct, negligent or wanton supervision, training and retaining employees); **Antwon Batron** (2018 lawsuit, currently pending, alleging racially hostile work environment and retaliatory hostile working environment); **Dan Sims, Jason Houser, Anthony Bradford** and **Clyde Yarbrough**.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE - TITLE VII AND §1981–RETALIATION CLAIM AGAINST FAB ARC

25.    Plaintiff adopts and realleges paragraphs one (1) through ten (10), paragraphs twelve (12) and thirteen (13), paragraphs fifteen (15) and seventeen (17), as if fully set forth herein.

26.    Once FAB ARC learned of Plaintiff's internal complaints of race discrimination at DeShazo and of his EEOC charge and lawsuit against DeShazo, Plaintiff was subjected to retaliation by FAB ARC by terminating his employment. This was done by FAB ARC to retaliate against Plaintiff for asserting his federally protected rights.

27.    FAB ARC condoned the retaliation to which Plaintiff was subjected in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42

9

U.S.C.§1981, as amended.

28.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit seeking compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory relief is his only means of securing adequate relief.

29.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

30.    Plaintiff has satisfied all administrative prerequisites to bring this action.

31.    FAB ARC acted with malice and/or reckless indifference towards the Plaintiff.

## COUNT TWO - TITLE VII AND §1981–RETALIATION CLAIM AGAINST MACLELLAN

32.    Plaintiff adopts and realleges paragraphs one (1) through seven (7), paragraphs ten (10) and eleven (11), paragraphs fifteen (15) and sixteen (16) and paragraphs eighteen (18) and nineteen (19), as if fully set forth herein.

33.    Once MacLellan learned of Plaintiff's internal complaints of race discrimination at DeShazo and of his EEOC charge and lawsuit against DeShazo,

Plaintiff was subjected to retaliation by MacLellan by terminating his employment. This was done by MacLellan to retaliate against Plaintiff for asserting his federally protected rights.

34.    MacLellan condoned the retaliation to which Plaintiff was subjected in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C.§1981, as amended.

35.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit seeking compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory relief is his only means of securing adequate relief.

36.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

37.    Plaintiff has satisfied all administrative prerequisites to bring this action.

38.    MacLellan acted with malice and/or reckless indifference towards the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of

this action and award Plaintiff the following relief:

a.    Enter a declaratory judgement that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII and 42 U.S.C.§1981, as amended;

b.    Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII and/or 42 U.S.C. §1981, as amended;

c.    Grant Plaintiff an Order requiring the Defendants to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY A STRUCK JURY**

Corey L. Wilson

**PLAINTIFF'S ADDRESS:**

12

1004 Egg & Butter Road
Columbiana, AL 35051
205-603-3796 — 205-669-0771

## DEFENDANTS WILL BE SERVED AT THE FOLLOWING ADDRESSES:

FAB ARC
111 Meadow Lane
Oxford, AL 36203

MacLellan Maintenance & Engineering
Mercedes Benz US International
One Mercedes Drive
Vance, AL 35490

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2017-01730 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Corey L. Wilson | ███████ | 1970 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ████████████████ | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FAB ARC | 500 or More | (256) 831-8770 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 111 Meadow Lane, Oxford, AL 36203 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | | |
|---|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN | DATE(S) DISCRIMINATION TOOK PLACE | |
| ☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION | Earliest<br>04-24-2017 | Latest<br>04-27-2017 |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Black, forty-seven (47) years old individual employed by the above named employer as a Welder-Fitter on March 15, 2017. I performed my duties on a satisfactory manner. On April 24, 2017 Mr. Justin LNU (Last Name Unknown), Mr. Max Matther (Shop Supervisors) and Mr. Steven LNU (Foreman) called me into the office because Mr. Steven was complaining about my job performance. On that same day Mr. Steven said that he "would take me outside and I wouldn't make it back to the shop." Mr. Matther once inside the office got very angry and turned orange and got really close to me and called me a drama king. Mr. Matther threatened with getting me terminated. On April 25, 2017 Mr. Steven said to me "kiss my asshole" twice and in a low tone of voice said something like "Elwood Negro or Neg."

Others Welders-Fitter (Caucasians) younger than me have not been treated in the discriminatory manner in which I have been treated and they have not been discharged although some even come late to work.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Apr 28, 2017<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 420-2017-01730 |

and EEOC

State or local Agency, if any

On April 27, 2017 Mr. Justin LNU, Mr. Max Matther and Mr. Steven LNU called me into the office on several occasions again because Mr. Steven was complaining about my job performance. During one of those times I told them that my only witness would be God and they said they did not care.

On April 27, 2017 I spoke with Ms. Benita LNU the company secretary in the presence of Mr. Matther and Human Resources Representative whom said that she had spoken with a friend of hers Mr. Keith LNU who is the HR Representative of my previous employer (Deshazo Cranes in Alabaster) with whom I had filed an EEOC charge: 846-2015-32535 in the past. HR Representative finally said that after speaking with her friend, she thinks that they can't have me working anymore; I was told to leave. I believe that Mr. Keith provided unfavorable information and disclosed that I had filed a EEOC charge with my prior employer.

It is my belief that I have been retaliated against due to engaging in a protected activity and discriminated against due to my race and religion (Protestant) in violation of Title VII of the Civil Rights Act of 1964, as amended and also discriminated against due to my age in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED

APR 28 2017

E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| Apr 28, 2017    *Corey J. Wilson* <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Corey L. Wilson<br>C/o Larry R. Mann, Attorney<br>LAW OFFICES OF LARRY MANN<br>701 New South Savings Building<br>215 North 21st Street<br>Birmingham, AL 35203 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2017-01730 | VALERIE C. HUGHES,<br>Investigator | (205) 212-2118 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**BRADLEY A. ANDERSON,**
**District Director**

JUL - 3 2018

*(Date Mailed)*

Enclosures(s)

cc:     **Fab Arc**
**C/o Carin Burford, Attorney**
**OGLETREE DEAKINS P.C.**
**420 20th Street North**
**Suite 1900**
**Birmingham, AL 35203**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT C

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 420-2017-02453 |

and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | | |
|---|---|---|---|
| Mr. Corey L. Wilson | ■■ ■■ | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |
|---|---|---|---|
| ■■■■■■ | ■■■■■AL 35051 | | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)**

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) | |
|---|---|---|---|
| DeShazo, LLC | 200+ | 205-664-2006 | |

| STREET ADDRESS | CITY , STATE AND ZIP CODE | | COUNTY |
|---|---|---|---|
| 190 Airpark Industrial Road | Alabaster, AL 35007 | | Shelby |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) | |
|---|---|---|---|
| FAB ARC | 400+ | 256-871-9525 | |

| STREET ADDRESS | CITY , STATE AND ZIP CODE | | COUNTY |
|---|---|---|---|
| 111 Meadow Lane | Oxford, AL 36203 | | Calhoun |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| ■■■■■■■■■■■■■  1000+ employees | | 205-633-2178 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |
|---|---|---|---|
| Mercedes Benz US International  One Mercedes Drive | Vance, AL 35490 | | Tuscaloosa/Bibb |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] AGE<br>[X] RETALIATION   [ ] NATIONAL ORIGIN   [ ] DISABILITY   [ ] OTHER (Specify) | EARLIEST (ADEA/EPA)         LATEST (ALL)<br>April 2017             Present<br>[X] CONTINUING ACTION |

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and I will cooperate fulling with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>*Puica M Rollins*<br>My Commission expires 11-6-2020<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date *6-16-17*   *Corey L Wilson*<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>*Corey L Wilson*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

RECEIVED

JUN 1 9 2017

U.S. EEOC
Birmingham District Office



THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an African American male who was previously employed with DeShazo Crane Company. While employed with DeShazo, I filed a charge against DeShazo with the EEOC for race and age discrimination (EEOC Charge 420-201502234). I subsequently filed a lawsuit against DeShazo (Corey Wilson v DeShazo, LLC, Case No. 2:16-cv-00705-RDP, filed in the Northern District of Alabama).

After my employment with DeShazo ended, I was employed by FAB ARC, beginning on March 15, 2017. On April 27, 2017, I spoke with Ms. Benita (lnu), the company secretary for FAB ARC in the presence of Max Matther, Shop Supervisor for FAB ARC and the Human Resources Representative for FAB ARC.

The Human Resources representative for FAB ARC stated that she had spoken with a friend of hers, Mr. Keith (lnu), the Human Resources representative for DeShazo. The Human Resources representative stated that, after speaking with the Human Resources representative for DeShazo, she didn't think FAB ARC could have me working for it anymore. I was told to leave. I was fired from FAB ARC based on something that was said by the Human Resources representative at DeShazo about me.

FAB ARC retaliated against me after learning that I had engaged in protected activity by filing an EEOC charge and a discrimination lawsuit against DeShazo.

On May 5, 2017, I was hired by MacLellan Maintenance & Engineering by John McDowell, Caucasian, through a temporary service, North American Onsite Temp. Mr. McDowell told me that I would be earning $21.50 per hour but I was told the second week that I would only be earning $18.50 per hour.

My supervisor at MacLellan was Jason Gray, Caucasian. Mr. Gray was good friends with Cindy Jones who worked in the office at DeShazo. They both are from Fayette, Alabama. On the second or third day on the job, I was in the office with Mr. Gray and Mr. McDowell at around 8:30 or 9:00 a.m. Mr. Gray asked if I knew "Miss Cindy" at DeShazo; she asked Mr. Gray how long I had been with MacLellan. After Mr. Gray told me about his conversation with Cindy Jones, Caucasian, things went downhill at MacLellan. However, MacLellan never had any problem with my work.

During my third week at MacLellan, I attended Safety Training. Mr. McDowell told me that my progress had to improve. I was puzzled as there had never been a problem with my work. No one ever told me there were any criticisms of my work.

During my last week on the job, Mr. McDowell hired Mike (lnu) and I trained him for two days. On Friday, June 2, 2017, at about 1:30 p.m., I was at Mercedes Vance. I got a phone call from Mr. McDowell, telling me to come to the shop at Brookwood. After I was at the shop for about an hour, Mr. McDowell called me into the office and said he needed my time and hour sheet. I filled it out and gave it to him. Mr. McDowell came out of the office about thirty minutes later and said "I can't have you here" and told me I had to leave. I repeatedly asked him what I had done wrong. He told me "don't ask anymore." During this, Mr. Gray walked by and was laughing.

and a discrimination lawsuit against DeShazo.

I believe that I have been discriminated against because of my race, African American, in violation of Title VII of the Civil Rights Act, as amended, and have been retaliated against because of my complaints of race discrimination, in violation of Title VII of the Civil Rights Act, as amended.

Corey L. Wilson     6-16-17 cw

Corey L. Wilson                                    Date

RECEIVED

JUN 1 9 2017

U.S. EEOC
Birmingham District Office

2

# EXHIBIT D

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Corey L. Wilson<br>C/o Larry R. Mann<br>Attorney at Law<br>215 North 21st Street<br>Birmingham, AL 35203 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No.<br><br>420-2017-02453 | EEOC Representative<br>**LASHAUNDA LOVE,**<br>Supervisory Investigator | Telephone No.<br><br>(205) 212-2180 |
|---|---|---|

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**BRADLEY A. ANDERSON,**
**District Director**

JUN 2 0 2018

*(Date Mailed)*

Enclosures(s)

cc:

MACLELLAN INTEGRATED SERVICES INC
C/o Randy Boyd
Human Resources and Compliance Manager
3120 Wall Street, Suite 100
Lexington, KY 40513